Number 152436, Mark B. Galvin, v. U.S. Bank et al., and number 161077, Mark B. Galvin, v. U.S. Bank et al. May it please the Court, my name is Jamie Ranney. I appear today on behalf of the appellants in this case, Mark and Jenny Galvin. Just as an introduction, I had a catastrophic computer failure in my office on Friday, so I was only able to print the briefs. So you'll forgive me if I'm not able to refer specifically to certain parts of the appendix or decisions in this matter. I apologize for that. This is an appeal of a foreclosure-related case in a district court that involves mortgage electronic registration systems and a number of other claims that the Galvins brought against various parties in advance of a foreclosure sale that took place on a property that they owned in Martha's Vineyard. Shortly after filing the complaint, the defendants brought a motion to dismiss, a partial motion to dismiss, that the district court allowed essentially finding a couple of things. One is that the Galvins did not have a standing to challenge the role of mortgage electronic registration systems in this particular foreclosure sale. The complaint had alleged that, and this is a little different than some of the MERS cases that we've seen out of this court and some of the lower courts, in the sense that the Galvins had originally alleged in their complaint that the parties involved with their mortgage process were not MERS members, i.e. they had no written agreements to act on behalf of MERS or with MERS to act on behalf of them. As the court knows, MERS is essentially an agent. They call themselves a nominee in the mortgage itself, which under the Culhane case was sort of... Yeah, help me understand why this argument hasn't been flatly rejected recently by the First Circuit and Culhane and Wilson and other mills and other cases. This is precisely the issue that has been litigated and rejected relatively recently by the First Circuit, isn't it? I don't think so, Your Honor, and I think the reason is that in those particular cases, whether it was Culhane or Wilson or some of these other cases, the issue of whether MERS had an agency relationship with the party that sort of sits behind the MERS veneer was never raised. And that was specifically raised in this case. That argument about problems between the Asinor and Asinie are problems that are voidable problems that the First Circuit said quite clearly you lack standing to challenge. That argument is an argument that the assignment is voidable. It's not an argument that the assignment is void. This court has held that MERS members act by and through MERS with membership agreements, written membership agreements. If no such agreement existed, that's not a voidable issue. It is a voidable issue. It is. Have you had any case that says it's void directly? About MERS itself, Your Honor? Your point is that if this should be treated as void, not voidable, you're trying to distinguish the cases that refer to closer but perhaps defective relationships. Is there any case that says what you're saying? Or would we be making new law? Well, I guess to the extent that this court would be making that decision, whether the MERS role in this matter or the MERS assignment in this case were void, it would be making new law. I'm not aware of any case where a MERS assignment has been held to be void. What common sense would we treat this then any differently than the other ones where they do have some association with MERS, but it's arguably defective and not performed in accordance? Here you're saying there's no writing, but MERS acted on their behalf, and they let MERS act on their behalf, but they don't have a written agreement. Why should we view that as, well, that's between them if they think the lack of a written agreement is a big deal. Hence, it's voidable, not void. Well, because it resulted in the foreclosure of somebody's home. That's true in all the cases, including Culhane. Well, that's true. Yes, Your Honor. And I think that the difference is, again, when MERS acts as an agent for somebody, there has to be a writing that deals with that, and that's a statute of frauds issue. MERS purports to hold an interest in the… At all between those parties, it's a statute of fraud issues. One could say you don't have authority to act on my behalf because the oral agreement isn't enforceable, so it would be voidable. But why should we treat it any differently than the other defects? Well, because, again, I think that if you don't treat it differently and you say that MERS can't act without a written agreement with anybody and just say that they act on behalf of whomever, then you're essentially saying that the things that have been found about MERS, including in Culhane, about how the MERS system works, don't apply. And I think that that's just not correct. You have to have a written agreement. MERS says you have to have a written agreement. The allegation in this case was that they didn't have a written agreement. That allegation was not refuted in any way, and no evidence was ever shown in any, at least in the motion to dismiss level, and then at any subsequent proceedings, that MERS did have any relationship with either of these parties. Both MERS and U.S. Bank and all those parties involved maintaining that MERS could act on its behalf. I don't know that that was ever raised in this particular case. The allegation was that they could not, and there was no MERS membership agreement between these parties. Well, there are purported assignments. There is an assignment evidencing that there was an agreement to do it. So there's no evidence of it. There's an assignment that is in the record. Well, part of the problem with the assignment is a couple of problems. One is that the assignment itself purports to assign the note and the mortgage, and this Court has held, I believe, with respect to that particular language, and this plays into the Paragraph 20 argument that I discussed, MERS doesn't owe any interest in notes, but the face of the assignment says they assigned the mortgage and the note. And if you do that, somebody looking at the public land records thinks that MERS assigned all the mortgage interest, including the note interest, to U.S. Bank. Now, in this particular case, there's a dispute here that at the time of the foreclosure, U.S. Bank held both the note and the mortgage. Well, when they got it, it's certainly a dispute because on some register. It doesn't matter. The First Circuit, again, and Culhane and Mills and SJC and Eaton have rejected the argument that splitting is a problem as long as they're reunited at the time of the foreclosure. Well, and again, my argument in this particular case, Your Honor, is that that's a common law argument. What's the language in Paragraph 20 that supports your position? It says that the note should be transferred together with the mortgage instrument, the security instrument. Wasn't that specific issue addressed in the cases I've talked about? As a matter of common law, I believe it was. And I believe it was talked about in Paragraph 20 as well. Well, but the citations to Eaton and otherwise are all to common law interest in being split in notes and mortgages. Those were the discussions that took place in those cases. Well, haven't those cases said that that language is permissive, that it can be, but it's not mandatory? Well, it says that the note can be assigned, but in this particular case, it was. Clearly, they claimed that the note was sold at various points during this particular process. So that presumption that it's permissive was certainly met because they claimed to have, I think their claim was they got the note in May of 2013, which, of course, doesn't comport with the nature of this trust, which closed in 2007. I'm not making a securitization argument. But it also doesn't comport with the assignment that says the note and mortgage were transferred in July of 2012. Is there a dispute that they had both at the time of the foreclosure? Absolutely. And the reason is because of this generic endorsement on the note. There was no evidence put into the trial court that said that this mortgage was held within the trust that U.S. Bank foreclosed in the name of. You filed a complaint that alleged under Rule 11 that they don't hold the note at the time of the foreclosure. That the trust itself, yes, because the note didn't say that. And that's the foreclosing party. In other words, the party that foreclosed here has to have the mortgage and the note. Correct. And you're alleging they didn't. There's no evidence to support that. No, no, that's not my question. Are you alleging, in other words, do we need to still keep alive an allegation made pursuant to Rule 11 that at the time of the foreclosure the foreclosing party did not have the note? I believe we do. Okay. And the reason being that when you put on a, this was a specifically endorsed note, at least one of the copies was specifically endorsed, that said it was endorsed at U.S. Bank as trustee and did not name any particular note. To be clear, your argument is not that they didn't hold the note. Your argument is that the assignment was somehow fraudulent or inadequate. You are not saying they didn't hold the note. You're saying the purported assignment of the note to them is somehow improper. Aren't you? I never saw the original note, so I'm not sure. It's in the record. There's multiple copies of the note in the record. There's a copy of the note that U.S. Bank trustee alleges it holds that purports to be an assignment to U.S. Bank trustee. That's in the record. Right, but it doesn't show that it's been assigned to the 2007-1 trust. Okay, let's, I think I understand what you're saying now. Are you saying you don't allege that at the time of foreclosure they did not hold the trust, the note that is stamped endorsed to U.S. trust? What you're saying is that, to U.S. Bank, what you're saying is that you're alleging that U.S. Bank, as trustee for XXXY Trust, didn't hold the note because that endorsement isn't sufficient to get it over to the trust. That's correct. Okay, but U.S. Bank had the note. That's what their affidavit says. And they're not challenging that. I've never seen the original note, but I have no reason to suspect that that's not. Putting that issue to one side, what other relief do you want from the court? I assume you want the deficiency set aside? Yes, so we made the argument under 17B regarding the deficiency. There are two prerequisites to seeking a deficiency. Is there anything else that you want other than challenging the deficiency? Well, there is the discussion, Your Honor, about the fees, costs, et cetera, and then, of course, the sufficiency of the paragraph 22 notice that was sent to the, and I think those are all well briefed. That goes to the deficiency, doesn't it? The sufficiency of the notice? No. The notices under paragraph 22 are different than deficiency notices. Okay. And what do you want for relief for the other notice then? Well, a defective notice from our perspective under paragraph 22 would invalidate the foreclosure sale. Thank you, Your Honor. Can you address the deficiency claim right up front? You allege that the deficiency was only for principle and interest, that there were no fees at all included in the deficiency judgment. Is that right? Yes, Your Honor. Good afternoon. Kevin Polanski on behalf of U.S. Bank and MERS. Yes, that's the only amounts that we're seeking in the deficiency. And under 17B, there's no dispute that the notice was accurate and compliant with the statute. The challenge to the deficiency award is with respect to the affidavit. We can see that no affidavit was filed within 30 days post-sale. But we challenge or it's our position that that's not a condition precedent to maintaining a deficiency action. The condition precedent is established by the appeals court in Massachusetts and even by the Sturgis decision in the district court is that the notice must have been sent pursuant to Rule 17B. It must have been written notice 21 days beforehand at the last known mailing address to the borrower. But he is not in his complaint asserted that he didn't get notice. No, that's not in dispute, Your Honor. It's just with respect to the affidavit post-sale. And we concede we didn't. We didn't record that with the appropriate registry of deeds. But no court has addressed that issue except for the district court in Sturgis in which Judge Woodlock held that that's not a condition precedent. Let's just assume we're not going to look at Sturgis. We're going to look at the statute first because that's a Massachusetts statute. Yes, Your Honor. Your Honor, doesn't the statute say no action for a deficiency shall be brought unless the notice is sent and, the word is and, an affidavit has been signed and sworn to within 30 days. And it's undisputed you didn't sign and swear to an affidavit within 30 days. So why isn't that just plain language? End of story. Your Honor, because that goes to the prima facie evidence that the notice was sent. There's a second sentence in that. Sure, the second sentence tells us the affidavit also helps you out this other way. It gives you prima facie evidence. But that's not the issue here. It first tells you that the real way it helps you out is it allows you to bring a deficiency action. That's right, Your Honor. But the Massachusetts appeals courts that have looked at this issue haven't held that the affidavit is a condition precedent. In fact, they've fallen quite short. In all of those decisions, they've held that, they quote the statute itself under 17B, and they say the notice is a condition precedent. They don't go further and say the affidavit. Are there any of those cases, though, that don't have an affidavit and say it doesn't matter, we don't have an affidavit as long as notice was given? There was one case that did address the affidavit, and it was the BP case, which was cited in the briefs, which alleges that an affidavit was prepared prior to the foreclosure sale. And the appeals court said, well, that just goes to prejudice. There's no prejudice that it was prepared before the sale. But there's no Massachusetts state court, appellate court decision that specifically says, notwithstanding the language in the statute, no affidavit is required as long as there's actual notice. Surprisingly right, Your Honor. But I will submit in those cases on appeal that address that 17B issue, there was no affidavit set forth in the factual background of the case. Had there been, it would have been prompt facial evidence of the written notice been. But the issue wasn't addressed. The issue before us hasn't been addressed by any Massachusetts court. I would agree, Your Honor. It wasn't directly on appeal. That's how we start with the language. And the closest you come is BP, because we could look at the facts and say it was before the sale. But the problem there is within 30 days is ambiguous as to days below zero, whether those are within or not. And we've got case law discussing that in other contexts. So I keep coming back to how do I ignore a Massachusetts statute that says, no action for deficiency unless A and B. And you concede you didn't do B. I do concede that, Your Honor. But the purpose of the statute itself is to provide the proper notice, right? So that borrowers have notice that there might be deficiency at the foreclosure sale. But why are we talking about the purpose of the statute if it's plain and unambiguous that this is, and this is a technical area where banks have these requirements with borrowers to get all these technical terms. And if a borrower doesn't do one of them, they're in default. Why wouldn't we enforce this in its plain writing against the bank? Your Honor, because I don't think it is unambiguous. I don't think that it does set a condition. Reconcile the language with your interpretation. How do I interpret the statute in the way you want given the language that's there? With respect to the language, you have to serve the notice. There's no doubt, right? That's a condition precedent. And it says in affidavit. So how do we disregard that? What's the theory of interpretation by which we can say that doesn't, it says that, but it doesn't mean that? Because I believe if you read the second sentence, it talks about its prima facie evidence. It's not the conclusory evidence. It's just prima facie evidence of sending the notice. If the second sentence was there, I would submit that you're absolutely right. There's a condition precedent. But that's not present in the statute. It goes on. It's analogous to Section 15. The 15 affidavit under Chapter General Laws 244 isn't the but-for. It's just prima facie evidence that the foreclosure sale was adhered to with respect to the power of sale. You can submit extrinsic evidence to show that the power of sale was complied with. Here, because of the second sentence, I believe that it just goes to the weight of the notice, so that the notice was actually sent, not that it's required to be performed as a condition precedent prior to maintaining deficiency action, Your Honor. Could you address the foreclosure notice and his claim that the notice was somehow not adequate? Yes, Your Honor. Under Paragraph 22 or under the common law. Yes, Your Honor. Under Paragraph 22 of the mortgage, there's really five requirements, right? You have to put the bars on notice that there's been a default. You have to tell the borrowers how they can cure the default. You have to tell the borrowers that they have now less than 30 days from the date of the notice to cure the default. That if they feel a cure to the default, then the noteholder may accelerate the sum to $2,000 under the note. And the fifth provision, which has been addressed in Pinty, is that you have to tell the borrowers that they have a right to file an action with respect to the default. All of that was done here, so the problem is not those things. The problem is, I think he's saying there is a requirement, either in Paragraph 22 or Massachusetts law, that when you make a demand for an accounting, it has to be given, and you didn't comply. Is there some basis in either the language of Paragraph 22 or in Massachusetts law for requiring that kind of information? No, Your Honor. I mean, that goes to my point. Those five provisions were complied with here. There's no provision under Paragraph 22 that requires a full accounting of what's owed. It's tell us what's owed and how do you cure it. Now, they were represented by counsel in this case very early on, which is very different than most of these foreclosures. Is he arguing that you didn't give him notice of who was actually foreclosing? I don't believe that's an issue here, no. I believe the sole issue is with respect to the accounting itself. Now, he did serve as QWR, and that was responded to. Notably, there's no claim under RESPA here for any sort of filing. Now, QWR is a RESPA issue. Is there any requirement that a QWR has to be responded to prior to a foreclosure in order to satisfy Paragraph 22 or the common law of notice foreclosure notice? No, Your Honor, no, and not that I'm aware of. I mean, certainly the fifth provision that the Pentecourt addressed is very pertinent here. In fact, it was addressed by Schumacher. Specifically, the Schumacher court said that if you had any sort of concerns with a 35A notice, that you could file a pre-foreclosure action, right? And this Paragraph 22 actually tells the lender or its agent to notify the borrowers of that right. Well, here they did file a pre-foreclosure action four days before the foreclosure sale, but they took no steps to file a motion for preliminary injunction based on a defect in Paragraph 22 or any other defects for that matter. So they didn't seek a TRO, a preliminary injunction, even though they conceded they had noticed that the foreclosure was going to take place a few days later? Yes, Your Honor, and that would have been the appropriate mechanism because that's what the Paragraph 22 says. Filing a pre-foreclosure action alleged that, you know, challenge that you did not default or raising other pre-foreclosure offenses that you might have. They filed the action, they didn't seek a TRO, and then the foreclosure sale went forward. So there is a mechanism by which you can challenge the amount owed under mortgage, which is set forth exactly in Paragraph 22, which is set forth in their notice of default. If there are no further questions, I will rest my briefs at this time.  Thank you, Your Honors.